Filed 6/23/15  P. v. Webb CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066276 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD250639) |
| CARLA RUTH WEBB, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

Robert H. Rexrode, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric Swenson and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

Early on the day set for her trial on possession of heroin charges, defendant and

appellant Carla Ruth Webb, who had not been held in custody, made a *Marsden* motion, which the trial court denied.  Thereafter, proceedings continued and, after a lunch break, Webb moved to continue the trial so she could find and retain private counsel.  The trial court denied Webb's motion for a continuance.  We find no abuse of discretion and affirm her conviction.

FACTUAL AND PROCEDURAL BACKGROUND

Early in the morning of April 29, 2013, Webb was stopped while driving on Imperial Avenue in San Diego.  Webb was searched and police found a small bottle in her bra that contained a usable amount of heroin.

Webb was charged in an information with possession of a controlled substance. (Health & Saf. Code, § 11350.)  The information alleged Webb had suffered one prior conviction within the meaning of Health and Safety Code section 11370, subdivision (a) and two or more probation denial prior convictions.  (Health & Saf. Code, § 1203, subd. (e)(4).)  Webb was released from custody on her own recognizance on March 9, 2014.  A preliminary hearing was conducted on May 13, 2014, and trial was set for July 2, 2014.

On the morning of July 2, 2014, Webb and her appointed counsel appeared for trial and Webb made a *Marsden*[1] motion.  After the court denied the motion, the parties and counsel discussed a number of pretrial procedural issues, and, at 11:00 a.m., the trial court took a lunch break and resumed proceedings at 1:56 p.m.  At that point, Webb's

---

[1]     See *People v. Marsden* (1970) 2 Cal.3d 118, 123-126.

counsel advised the trial court that Webb wanted a jury trial on her prior convictions. The prosecutor estimated it would take a half-day to prove the priors. Counsel then moved to continue the trial. Counsel stated that Webb wanted additional time to retain private counsel; the prosecutor objected to Webb's request and stated that she had subpoened witnesses and was ready to proceed and that she was not sure what scheduling problems her witnesses would face if the trial was continued.

The trial court denied the motion for a continuance. Webb herself then addressed the court and requested that, instead of commencing proceedings the following morning, July 3, 2014, trial resume the following afternoon. Webb explained she was the caretaker for a senior citizen and had obligated herself to help him pay his bills on the third of every month. The trial court stated: "Well, that would not be good cause for a continuance anyway." In response, Webb stated: "I didn't want to continue it. It's just, you know, I'm obligated to, you know, do that." The trial court then denied Webb's request.

The jury convicted Webb of possession of a controlled substance; Webb admitted her prior conviction within the meaning of Health and Safety Code section 11370, subdivision (a), and the parties agreed the probation denial convictions were superseded by the Health and Safety Code section 11370, subdivision (a) allegation and Webb's admission of it. Webb was sentenced to three years' probation and a drug treatment program.

## DISCUSSION

As her sole contention on appeal, Webb argues the trial court abused its discretion

3

in denying her motion to continue the trial.  We find no abuse and affirm her conviction.

    1.  Legal Principles

We review for abuse of discretion the court's denial of a continuance to substitute retained counsel for appointed counsel.  (*People v. Pigage* (2003) 112 Cal.App.4th 1359, 1367.)  A defendant's right to counsel includes the right to retain counsel of choice, which must be balanced "'against other values of substantial importance, such as that seeking to insure orderly and expeditious judicial administration, with a view toward accommodation reasonable under the facts of the particular case.'"  (*People v. Courts* (1985) 37 Cal.3d 784, 790.)  We look to the circumstances of the case, particularly the reasons the defendant presented to the trial judge when the request for continuance was denied.  (*Id*. at p. 791.)  If the defendant is "'unjustifiably dilatory' in retaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial,'" the court acts within its discretion in denying a continuance.  (*Id*. at pp. 790–791.)  Circumstances where the continuance request is "premised on the accused's representation that he would eventually be able to hire counsel of his own choosing," or where "participation by a particular private attorney was still quite speculative at the time the motion for continuance was made" are "to be sharply contrasted" with circumstances where private counsel has been found and retained, or at least good faith, diligent efforts to do so can be shown.  (*Id*. at pp. 791–792 & fn. 3.)  "[A] defendant who desires to retain his own counsel is required to act with diligence and may not demand a continuance if he is unjustifiably dilatory or if he arbitrarily desires to substitute counsel at the time of trial."  (*People v. Blake* (1980) 105 Cal.App.3d 619, 623–624.)

4

2.  Analysis

Here, Webb did not indicate in any manner that she would be seeking private counsel until trial proceedings had actually commenced; indeed, her later request for time to pay bills for the person for whom she was providing care casts some doubt on the bona fides of her desire for new counsel as opposed to a simple desire to delay proceedings. We also note that Webb had not been incarcerated in the weeks before trial and had not taken any steps during that time to retain counsel.  In light of the prejudice the prosecution would suffer in attempting to bring witnesses to a continued trial, the trial court did not abuse its discretion in denying the motion to continue.

DISPOSITION

The judgment of conviction is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

HALLER, J.

5